JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-06891-AB-MAR | Date: | October 8, 2024 |
|---|---|---|---|

| Title: | *Michael Ronge v. Target Corporation, Jakob Usher (Doe 1), and Does 2 to 30* |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [Dkt. No. 12]**

On April 2, 2024, Plaintiff Michael Ronge ("Plaintiff") commenced an action in the Superior Court of California, County of Ventura against Defendant Target Corporation ("Target"). On August 14, 2024, Target filed a Notice of Removal to this Court under 28 U.S.C. § 1332 on the ground that the district court has diversity jurisdiction over the action. ("Removal," Dkt. No. 1). On September 11, 2024, Plaintiff filed an amendment to name Defendant Jakob Usher ("Usher") in the complaint as "Doe 1." (Dkt. No. 11.)

Before this Court is Plaintiff's Motion to Remand on the grounds that this Court lacks subject matter jurisdiction because complete diversity no longer exists between the parties ("Motion," Dkt. No. 12). Defendants filed an opposition ("Opposition," Dkt. No. 18). Plaintiff filed a reply. (Dkt. No. 23). The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The October 18, 2024 hearing date is **VACATED**. Having considered the materials submitted by the parties, and for the reasons indicated below, the Court hereby **GRANTS** Plaintiff's Motion to Remand.

## I.   BACKGROUND

On May 9, 2022, Plaintiff was shopping as an invited guest at a Target retail store located at 51 Tierra Rejada Road, Simi Valley, California, when he slipped on a puddle of water left unattended on the floor of aisle B39 and obtained bodily injuries ("Incident"). (Mot. 4:3-6.) Plaintiff's prior counsel initiated the civil action by filing the Complaint in the Superior Court of California, naming Defendant Target and Does 1 through 30. (Mot. 4:6-8.) Target filed a Notice of Removal of Action based on complete diversity between the parties (California and Minnesota, respectively), and the amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1441(b). (Dkt. No. 1.) The amount in controversy is not disputed.

On August 13, 2024, prior to removal, Plaintiff filed its Substitution of Attorney, designating Block LLP as its new counsel. (Mot. 5:1-4.) Around September 9, 2024, Plaintiff's new counsel discovered a previously fictitiously named Doe in the individual Jakob Usher, who is believed to be the Team Lead of the Target where the Incident took place, evidenced by a newly discovered Incident Report. (Mot. 11-14.) Plaintiff is "informed and believes that Defendant Usher is an individual over 18 years of age and, at all times relevant to this action, was an agent or employee of Target, was acting within the scope of such agency or employment, directing, ratifying or condoning the acts or omissions that led to this Incident, and that Defendant Usher's actions are the proximate cause of Plaintiff's injuries." (*Id.*)

In its Motion, Plaintiff alleges he is informed and believes that Usher worked at and/or managed the Target where the Incident occurred and had a duty to maintain the aisles free from dangerous conditions. (Mot. 5:15-25) Further, Plaintiff is informed and believes that Usher is a citizen of the State of California, which would destroy this Court's jurisdiction based on diversity. (*Id.* at 5:26-6:6.)

On September 9, 2024, Plaintiff filed and served an Amendment to Complaint in state court, indicating that the fictitious defendant previously designated as Doe 1 be inserted with Defendant Usher. On September 11, 2024, Plaintiff filed and served in this Court the same Amendment to Complaint. (Dkt. No. 11.) On September 13, 2024, pursuant to 28 U.S.C. § 1447(c), Plaintiff filed this Motion and now moves to remand this action to the Ventura County Superior Court. (Dkt. No. 12.)

## II.  LEGAL STANDARD

### A.  Removal

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.  Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states."  Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).  Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(a)(b)(2).  Removal statutes are "strictly construe[d] against removal."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Id*.  Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court.  *Id*.

### B.  Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  The term "fraudulent joinder" is a term of art and does not connote any intent to deceive on the part of plaintiffs or their counsel.  *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd.*, 710 F.2d 549 (9th Cir. 1983).  The relevant inquiry is whether plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is obvious under settled state law.  *Morris*, 236 F.3d at 1067; *McCabe*, 811 F.2d at 1339.

The burden of proving fraudulent joinder is a heavy one.  The removing party must prove that there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."  *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).  In this regard, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'"  *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal.

2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D.Cal. Jan.7, 2013) (internal quotations omitted); *accord Ballestros v. American Standard Ins. Co. of Wisconsin*, 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006) (same) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463-64 (4th Cir. 1999).

### III.   DISCUSSION

In the Motion, Plaintiff argues that this matter should be remanded because both Plaintiff and Defendant Jakob Usher are citizens of California and thus are not completely diverse as required by 28 U.S.C. § 1332. Target argues that Defendant Usher is a "sham" defendant whose citizenship should be disregarded pursuant to the doctrine of fraudulent joinder. (Opp. 3:2-4.) Because the parties otherwise agree that the requirements for diversity jurisdiction are met, the court's subject matter jurisdiction depends upon whether Usher was fraudulently joined.

#### A.   The Court Permits Joinder of Defendant Jakob Usher.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). However, courts apply both a "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). Accordingly, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' " of proving fraudulent joinder by "clear and convincing evidence." *Grancare*, 889 F.3d at 548.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When deciding to permit joinder under § 1447(e), courts consider the following six factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; [and] (6) the strength of the claims against the new defendant.

*Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

### 1. Whether Rule 19(a) Would Require Usher's Joinder

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). Although the normal standard for Rule 19 is met "when failure to join will lead to separate and redundant actions," there is a less restrictive standard under § 1447(e). *IBC Aviation Serv., Inc. v. Compania Mexicana de Aviacion*, S.A., 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000). In applying this less restrictive standard, "[c]ourts disallow joinder of non-diverse defendants where those defendants are only *tangentially related* to the cause of action or would not prevent complete relief." *Id*. at 1012 (emphasis added).

Because Usher completed the incident report, Plaintiff is "informed and believes" that Usher has a duty to "maintain the aisles free from such dangerous conditions such as the unattended pool of water that caused Plaintiff to slip and fall," making Usher a required party in this action. (Mot. 5:15-25.) Although Plaintiff states that Usher was the "Team Lead" of the Target where the incident took place, Plaintiff fails to allege the details of Usher's specific involvement aside from completing the incident report. (Mot. 5:7-14.) Despite this, these allegations still show that Usher is likely tangentially related to the facts in this action, and the Court can permit joinder under § 1447. However, "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990). Because these facts weigh both in favor of Plaintiff and Defendant, this factor is neutral.

### 2. Statute of Limitations

Pursuant to California Civil Procedure Code § 335.1, a two-year statute of limitations governs personal injury claims. Here, Plaintiff's injury allegedly occurred on or about May 9, 2022, and with a two-year statute of limitations, Plaintiff would have had to file a claim against Usher by May 9, 2024. As such, Plaintiff would be foreclosed from pursuing an action against Usher if the Court does not grant this Motion. Accordingly, this factor weighs in favor of granting leave to amend. *See Trujillo v. Target Corp.*, 2017 WL 4864490 (C.D. Cal. Oct. 26, 2017) (finding in favor of leave to amend in similar fact pattern).

### 3. Timeliness

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. Here, Plaintiff states that he learned Usher's name on September 9, 2024 after discovering the incident report, shortly after Plaintiff obtained current counsel on August 13, 2024. The case was removed on August 14, 2024, and Plaintiff moved to remand the case on September 13, 2024. Seeing as Plaintiff sought to remand the action less than a month after it was removed and upon the discovery of new information, the Court concludes that the motion for remand is timely. *See Clinco*, 41 F. Supp. 2d at 1083 (finding timeliness under § 1447(e) when the plaintiff sought to amend less than six weeks after removal). Accordingly, this factor weighs in favor of allowing the amendment.

### 4. Whether Joinder is Intended Solely to Defeat Federal Jurisdiction

When looking at the motive for joinder, the court considers "whether joinder is intended solely to defeat federal jurisdiction." *IBC Aviation*, 125 F. Supp. 2d at 1011. Although "[m]otive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction," *Boon*, 229 F. Supp. 2d at 1023 (citing *Clinco*, 41 F. Supp. 2d at 1083), "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants," *IBC Aviation*, 125 F. Supp. 2d at 1012.

The timing of this Motion, just under four weeks after removal, does give rise to an inference that Plaintiff is attempting to add Usher solely to destroy diversity. However, it does not rise to the level of "clear and convincing evidence" needed to prove the fraudulent joinder theory on which Target relies. *Hamilton Materials, Inc.*, 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and

convincing evidence.") (internal citations omitted). Although Plaintiff does not discuss his attempts at obtaining Usher's identity before discovering the incident report, Plaintiff stated that he only recently discovered Usher's identity and is adding Usher to permit adjudication against all possible culpable tortfeasors. (Opp. 9:2-4.) Plaintiff does not carry the burden to disprove fraudulent joinder, *see McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), and as the Court has noted above, suspicion of these diversity-destroying amendments is not as relevant due to the flexibility of § 1447(e). As such, Target has failed to satisfy the high burden of proof necessary to rebut the general presumption against fraudulent joinder. Accordingly, this factor favors granting leave to amend.

### 5. Prejudice to Plaintiff

Under this factor, the Court looks to whether Plaintiff will "suffer undue prejudice if the Court chooses not to exercise its discretion to allow joinder." *Boon*, 229 F. Supp. 2d at 1025. Such prejudice may occur "where claims against proposed nondiverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forego valid claims against the non-diverse defendants." *Yang v. Swissport USA, Inc.*, 2010 WL 2680800, at *5 (N.D. Cal. July 6, 2010).

Plaintiff will be unable to pursue his claims against Usher in a separate action because the statute of limitations has expired shows prejudice to Plaintiff as Plaintiff would be unable to recover damages against all tortfeasors. *See Evans*, 2018 WL 1960545, at *3, *5 (finding prejudice where the plaintiff was unable to pursue her claims against a Walmart store manager in a separate state court action because the statute of limitations had run). Furthermore, the Court agrees with Plaintiff's conclusion that remand will not prejudice Defendant because the action was filed less than five months ago, and a trial date has not yet been set. (Opp. 12:26-13:5.) Therefore, this factor weighs in favor of allowing the amendment.

### 6. Validity of the Claims Against the New Defendant

Under this last factor, the court considers "whether a new claim sought to be added seems to have merit." *Clinco*, 41 F. Supp. 2d at 1083. Further, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339 (citation omitted).

Courts have specifically allowed a plaintiff to bring negligence and premises liability claims against store managers in situations similar to the instant action. *See, e.g., Trujillo*, 2017 WL 4864490, at *5 (finding that a negligence and premises liability claim against a store manager appeared to have merit where he was responsible for the maintenance of the store and in charge of training and educating employees); *Revay v. Home Depot U.S.A., Inc.*, No. 2:14–CV–03391–RSWL–AS, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (finding viable negligence and premises liability claims against a store manager because defendants had failed to establish that a store manager was immune from such claims under California law).

Target argues that Plaintiff has failed to allege that Usher was a store manager, and Plaintiff is precluded from prevailing on the merits against Usher. However, in its moving papers, Plaintiff alleges that Usher was a "Team Lead," and Target does not rebut or elaborate as to how a "Team Lead" is different than a "manager." Further, "[t]he standard is not whether [Plaintiff] will actually or even probably prevail on the merits, but whether there is a *possibility* that [he] may do so." *Hill v. Airgas USA, LLC*, 2023 WL 9005648, at *2 (C.D. Cal. Nov. 3, 2023) (citation omitted). Here, Plaintiff has adequately alleged claims of negligence and premises liability against both Target and Usher in his form complaint, stating that both Target and Does 1 to 5 negligently owned, maintained, managed, and operated the premises. (Dkt. No. 1, at 10.) *See Kesner v. Superior Court of Alameda Cty.*, 384 P.3d 283, 301 (Cal. 2016) ("The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury.").

Target has not established there is *zero* possibility that Plaintiff could prevail on a claim against Usher. This final factor weighs in favor of allowing amendment.

Accordingly, the Court concludes that Defendant Jakob Usher was not fraudulently joined, and therefore complete diversity is lacking. Defendant Target has thus failed to overcome "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). As such, the Court lacks subject matter jurisdiction over this action.

### B.   Plaintiff Is Not Entitled to Attorneys' Fees

Plaintiff requests that the court award him attorneys' fees and costs incurred in filing this motion pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Plaintiff failed to demonstrate that Target lacked an objectively reasonable basis for seeking removal. At the time of the removal, the named parties were completely diverse, the amount in controversy exceeded $75,000, and the notice of removal was timely. Only after Plaintiff filed an amendment to the complaint naming Usher as Doe 1 was diversity destroyed. Thus, Target had an objectively reasonable basis for seeking removal prior to the inclusion of Usher as a defendant. Plaintiff's request for attorneys' fees is **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above, the Motion is **GRANTED**. The Court **REMANDS** this action to the Ventura County Superior Court. The Clerk of Court is respectfully directed to close this matter.

**IT IS SO ORDERED**.